New Jersey Department of Labor,
Workmen's Compensation Bureau.

PETER PONEK, PETITIONER, v. AMERICAN STEEL
FOUNDRIES, RESPONDENT.

Decided November 3, 1941.

For the petitioner, *Avidan & Avidan* (by *Alexander Avidan*).

For the respondent, *Lindabury, Depue & Faulks* (by *William L. Dill, Jr.*).

\*　　\*　　\*　　\*　　\*　　\*　　\*

In a determination made in this matter by Deputy Commissioner Stahl under date of June 6th, 1938, it was adjudicated that on October 3d, 1936, the petitioner, Peter Ponek, while employed by the respondent, American Steel Foundries, at a wage of $20 per week, met with an accident which arose out of and in the course of his employment, when he fell, fracturing the lower end of his left radius. Deputy Commissioner Stahl also found as a fact that prior to his accident of October 3d, 1936, the petitioner had sustained two other injuries to his lower left hand and wrist, each of which resulted in a permanent disability. The deputy commissioner further found that the petitioner had a permanent disability of his left hand amounting to 50% loss of use thereof, of which 25% loss of use resulted from the injury sustained

in his accident of October 3d, 1936, for which the petitioner was awarded compensation. Thereafter a further petition was filed which alleged there had been an increased disability to the petitioner's left hand as a result of the accident of October 3d, 1936. The claim was disposed of by agreement of the parties that since June 6th, 1938, there had been an increase of approximately 20% loss of use of the petitioner's left hand of which 12½% was the result of the petitioner's injury of October 3d, 1936. The proposed settlement was submitted to me for approval and was approved by me on February 15th, 1940, compensation being awarded in favor of the petitioner and against the respondent for an additional 12½% loss of use of the former's left hand as a result of the injury of October 3d, 1936.

The present petition was filed on March 10th, 1941. The petitioner alleges that the disability of his left hand has further increased and that he has sustained a neurosis.

It appears from the testimony of the petitioner that he has engaged in some gainful work. While so engaged he recently sustained another accident which involved rather extensive injuries for which he appears to have been under treatment for some period of time. The only complaints which the petitioner attributes to his accident of October 3d, 1936, are referable to his left hand. Dr. Max Singer testified for the petitioner that he had examined the latter and that he found a deformity of the left hand, a possible nerve lesion and some hysteria in the left arm below the elbow. He stated that while from a purely orthopedic standpoint the disability of the petitioner's left hand might be something less than total loss of its use, the petitioner's manner of holding his hand and the nerve involvement made it practically a complete loss from a functional standpoint.

Dr. B. L. Clement testified for the respondent that he treated the petitioner's original injury of October 3d, 1936, that he has examined the petitioner on a number of occasions since that time and that he has recently had him under treatment for injuries sustained in another accident. The doctor testified that in his opinion the permanent disability has not increased and that it is approximately 60% loss of the use

of the petitioner's hand. He further testified that during the course of his treatment and his many examinations the petitioner never manifested any neurological condition which could be attributed to or associated with his accident of October 3d, 1936.

Prior to the filing of the present petition the petitioner filed two petitions one in 1937 and one in 1939, in neither of which was any claim made for any neurosis. If the petitioner sustained any general neurosis as a result of his accident of October 3d, 1936, I believe that it would have manifested itself prior to this time. Even if the petitioner does presently suffer from any general neurosis, I do not believe that it has, and I find that it has not resulted from his accident of October 3d, 1936. Even if any general neurosis has resulted from that accident, I think any claim for such condition is presently barred by the limitation provision of the Workmen's Compensation Act. I believe that such claim is also barred by the earlier determination of Deputy Commissioner Stahl who awarded compensation for the injury of October 3d, 1936, solely on the basis of disability to the petitioner's left hand. *Herbert* v. *Newark Hardware Co.,* 107 *N. J. L.* 24; *affirmed,* 109 *Id.* 266.

I am convinced, however, on the basis of the evidence produced and from my observation of the petitioner's hand, that the disability of that hand has increased since September, 1938, and since February, 1940, and that for all practical purposes the petitioner's left hand is useless.

After considering the pleadings, previous proceedings, testimony, stipulations and arguments of counsel, I conclude and do find and determine that as a result of his accident of October 3d, 1936, the petitioner has not sustained any temporary disability other than that for which he has already been paid compensation by the respondent; that the petitioner did not sustain any neurosis apart from the possible nerve involvement and hysteria in his left hand and left arm below his elbow; that the petitioner has sustained a permanent disability of his left hand amounting to a total or 100% loss of the use of that member, of which loss 62½% has resulted from the injury sustained in the aforementioned acci-

dent of October 3d, 1936. After allowance has been made for compensation heretofore paid by the respondent for permanent disability of that hand, the petitioner is entitled to be paid compensation for 25% loss of use of his left hand.

\*       \*       \*       \*       \*       \*       \*

It is therefore ordered   \*   \*   \*   that judgment be entered in favor of the petitioner,   \*   \*   \*   and against the respondent,   \*   \*   \*   in accordance with the foregoing determinations.

<div align="right">

JOHN C. WEGNER,
*Deputy Commissioner.*