659 A.2d 524

BARBARA A. BRANDT–SHAW, PETITIONER–APPELLANT, v. SANDS HOTEL AND CASINO, RESPONDENT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued May 30, 1995—Decided June 16, 1995.

Before Judges BRAITHWAITE and BILDER.

*Howard J. Heald* argued the cause for appellant (*Goldenberg, Mackler & Sayegh,* attorneys; *Mr. Heald,* on the letter brief).

*Francis T. Giuliano* argued the cause for respondent (*Mr. Giuliano,* of counsel; *David P. Kendall,* on the brief).

BILDER, J.A.D. (retired and temporarily assigned on recall).

Petitioner Barbara Brandt–Shaw appeals from a judgment of the Division of Workers' Compensation dismissing her application for review or modification of an earlier award on the ground that it was barred by the limitation provisions of the Workers' Compensation Act, *N.J.S.A.* 34:15–27. On appeal petitioner essentially contends that the statutory provisions relied upon by the Compensation Judge do not bar her claim. We agree.

Petitioner suffered a compensable injury on July 14, 1987 when she fell on the job site. In an initial claim petition she alleged injury to her back and left knee. Following a hearing, in a Judgment of January 24, 1989, she received an award of 22 per cent disability for her left leg and zero per cent for her back; her claim of a disability from a back injury was rejected. In 1989 petitioner successfully obtained review of the award on the ground of increased incapacity and, in a Judgment of May 13, 1991, received an increased award of 30 per cent disability for her left leg.

On February 18, 1993 petitioner filed a second application for review or modification in which she requested medical treatment for the injury to her back. In its answer respondent Sands Hotel and Casino listed June 26, 1991 as the date of last compensation payment but contended the claim was barred by the limitations provisions of the Act if petitioner's application referred to any injury other than the left leg. When it became clear, that petitioner's 1993 application concerned only the alleged injury to her back, respondent moved to have the claim dismissed as barred by the limitation period of *N.J.S.A.* 34:15–27.

*N.J.S.A.* 34:15–27, in relevant part, provides as follows:

A formal award, determination and rule for judgment * * * may be reviewed within 2 years from the date when the injured person last received a payment upon the application of either party on the ground that the incapacity of the injured employee has subsequently increased.

Although the decision is not a model of clarity, when read in the light of counsel's arguments, it appears that the Compensation

Judge read the statute's two year limitation from the date of last payment as referring to the last payment with respect to the particular injury for which there was a claimed increased incapacity. In his oral decision of December 6, 1993 he refers to the limitation provision as barring an award for benefits for injuries or a condition that petitioner failed to raise in either the initial claim petition or on the initial "reopener". We find nothing in the plain language of the statute to suggest such an interpretation. *See Service Armament Co. v. Hyland,* 70 *N.J.* 550, 556, 362 *A.*2d 13 (1976). Nor apparently has the Supreme Court.

This particular part of the statute was examined in *Yeomans v. Jersey City,* 27 *N.J.* 496, 143 *A.*2d 174 (1958).

> By [this provision], the Legislature has established a subsequent change in "incapacity" as the determining factor as to whether a prior award shall be increased.....

> \* \* \* \* \* \* \* \*

> When a subsequent change in the extent of incapacity is alleged, a prior award of compensation does not preclude a later proceeding to recover additional compensation for the increased incapacity, where the petitioner can show that his increased incapacity is causally related to the same accident upon which the initial award was founded.

> *Id.* at 508, 143 *A.*2d 174.

Speaking to the very issue before us, the Court said:

> Nor is the petitioner prejudiced by the fact that the initial award was predicated upon a back injury, while his present claim is founded upon a heart condition. It is only essential that the petitioner show a subsequent increase in the extent of his incapacity arising from, and causally connected with, the same trauma complained of in his original petition. *Id.* at 509, 143 *A.*2d 174.

The situation in *Yeomans* was analogous, yet in some sense weaker than the situation here. Yeomans suffered a compensable injury in 1952 while engaged in the strenuous task of maneuvering a heavily burdened stretcher down a narrow stairway. In his initial petition, Yeomans claimed injuries to his back, chest, stomach and right arm. Medical testimony from both petitioner and respondent agreed that there might be "a medical disability which is probably cardiorespiratory in nature and which is unrelated [to the accident]." *Id.* at 503, 143 A.2d 174. The Deputy Director found that Yeomans sustained orthopedic permanent disability

causally related to the accidental injury and awarded him 12½ per cent partial permanent disability. *Id.* at 504, 143 *A.*2d 174.

A year and a half later Yeomans filed an application to modify the award, contending that his incapacity had subsequently increased because of a heart condition which now rendered him totally disabled. The Workmen's Compensation Division found that the heart condition was indeed attributable to the accident and the incapacity attributable to that injury was 100 per cent. On appeal the award was affirmed by the County Court, the Appellate Division, and finally by the Supreme Court. *Id.* at 501, 513, 143 *A.*2d 174.

■ Petitioner's situation is somewhat stronger than Yeomans in that, although both were burdened by initial findings that failed to find the later complained of condition, unlike Yeomans, petitioner had alleged the back injury in the first instance. For petitioner it was not the assertion of a new complaint, merely a claim that the initially claimed incapacity had subsequently increased.[1]

The Compensation Judge's reliance on *Ponek v. American Steel Foundries*, 19 *N.J.Misc.* 640, 22 *A.*2d 814 (Dept. of Labor 1941) is misplaced. In rejecting petitioner's claim of increased disability due to an alleged neurosis, the Deputy Commissioner found the petitioner did not suffer from the claimed neurosis and that, if he did, it did not result from his accident. The Deputy Commissioner's unexplained reference to the bar of the limitation period is, at best, mere *dicta.* Moreover the Division is bound by the decision of the Supreme Court.

Reversed. The order of dismissal is vacated.

---

[1] It is important to note that the doctrine of *res judicata* is not applicable to these proceedings. *N.J.S.A.* 34:15–27 gives continuing jurisdiction for the modification of an award. The prior award is only conclusive as to the nature and extent of the *then* existing disability. *See Yeomans, supra* at 507, 143 *A.*2d 174.